IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JEFFREY D. GLADSTEIN,<br><br>    Plaintiff,<br><br>v.<br><br>AURORA LOAN SERVICES, LLC<br>and AURORA BANK, FSB,<br><br>    Defendants. | CIVIL ACTION NO.<br>1:11-CV-02784-TWT-LTW |

**MAGISTRATE JUDGE'S ORDER AND FINAL REPORT AND RECOMMENDATION**

Pending before this Court is Plaintiff Jeffery Gladstein's ("Plaintiff" or "Gladstein") Motion to Dismiss Case, Without Prejudice, and to Retain Jurisdiction to Enforce Settlement Agreement ("Motion to Dismiss," Docket Entry [38]) and Defendants Aurora Loan Services, LLC and Aurora Bank, FSB's (collectively "Defendants") Motion for Rule 11 Sanctions ("Sanction Motion," Docket Entry [42]). For the reasons set forth below, the undersigned **RECOMMENDS** that Plaintiff's Motion to Dismiss be **GRANTED IN PART** and **DENIED IN PART**. Docket Entry [38]. Specifically, the undersigned **RECOMMENDS** that Plaintiff's Motion to Dismiss be **GRANTED** but **RECOMMENDS** that the dismissal be **WITH PREJUDICE** as to all of Plaintiff's claims against Defendants. The undersigned also **DENIES** Defendants' Motion for Rule 11 Sanctions. Docket Entry [42].

**I.   BACKGROUND**

Plaintiff initiated this action on August 19, 2011, asserting claims for breach of

fiduciary duty claim, breach of contract, violation of the Fair Credit Reporting Act, violation of the Fair Debt Collection Practices Act, negligence, wrongful foreclosure, breach of the covenant of good faith and fair dealing, violation of the Real Estate Settlement Procedures Act claim, and violation of the Fair Business Practices Act. Docket Entry [1].  Following a first motion to dismiss (Docket Entry [5]), Plaintiff responded, in part, by amending his Complaint (Docket Entry [10-4]) to remove his breach of fiduciary duty, negligence, wrongful foreclosure, and Fair Business Practices Act claims.  This Court then dismissed Plaintiff's breach of contract claim, Fair Debt Collection Practices Act claim, Real Estate Settlement Procedures Act claim, and breach of the covenant of good faith and fair dealing claim against Defendant Aurora Bank, FSB ("Aurora FSB"), and Plaintiff's breach of the covenant of good faith and fair dealing claim against Defendant Aurora Loan Services, LLC ("Aurora LLC") as to certain allegations in August 2012. Docket Entries [13, 18]. Defendants filed a second motion to dismiss (Docket Entry [16]), and the Court dismissed Plaintiff's wrongful foreclosure claims in early 2013 (Docket Entries [26, 28]).

      Following this Court's rulings on the motions to dismiss, the parties sought a stay of the proceedings in June 2013 to pursue mediation.  Docket Entry [30].  After the stay and pursuant to the mediation, the parties reached a settlement of their disputes on July 30, 2013, memorialized in Memorandum of Understanding (the "Settlement").  Docket Entry [34-1].  The Settlement included a full and mutual release (the "Release") by the

2

parties and their affiliates of all claims relating to this case.[1]  (Id. at ¶ 10).  The Release provides:

> The parties hereby completely release and forever discharge each other and their parents, subsidiaries, affiliates, related entities, and their respective employees, officers, directors, agents and attorneys from any all claims, demands, obligations, actions, causes of action, damages, costs, losses, fees and expenses of any nature whatsoever, whether based on a tort, contract, statute, or otherwise, which they now have on account of, or in any way, growing out of, or which are subject of, or relating to [this] Civil Action and claims raised therein (collectively, the "Released Claims"), including, without limitation, any known or unknown, foreseen or unforeseen disputes concerning the Released Claims; provided, however, and (i) that said release and discharge shall not affected the rights of the parties hereto to enforce the terms and conditions of this Settlement Agreement, (ii) that the foregoing release does not relieve Gladstein of any obligations under his loan secured by the property, including the promissory note, the security deed, and any amendments or modifications thereto.  The parties agree to cooperate and act in good faith from this point forward.

Following a series of disputes between the parties over the ensuing six-month period regarding the enforcement of the Settlement (see, e.g., Docket Entries [31-37]), this Court held telephonic and in person conferences to resolve outstanding issues related to the Settlement.  See Docket Minute Entries for Jan. 14 and 16, 2014.  In resolving the disputes between the parties related to the enforcement of the Settlement, the Court denied Plaintiff's motion for attorney fees and for sanctions against

---

[1] The Settlement is a three-page agreement entitled "Memorandum of Understanding"; while it contemplates that the parties would formalize the settlement terms in a more detailed settlement agreement (and indeed, Defendants appear to have prepared such a document), no such agreement was executed between the parties.  (See id. at ¶ 11 ("The parties shall embody these terms in a formal settlement agreement signed by the parties, but in substantive accordance with the foregoing terms.")).

Defendants.  Docket Entry [33], Docket Minute Entry for Jan. 14, 2014.  Moreover, based upon the actions and representations of the parties during these conferences, this Court understood that the "[p]arties were able to resolve all issues with the exception of one detail," and that they would "advise the court [by February 7, 2014] of the final outcome of the issue."  Docket Minute Entry for Jan. 16, 2014.

On January 21, 2014, Plaintiff filed his Motion to Dismiss.  Plaintiff seeks a dismissal of his claims against the Defendants without prejudice pursuant to the terms of the Settlement and Rule 41 of the Federal Rules of Civil Procedure.  Docket Entry [38].  Plaintiff contends that dismissal without prejudice is appropriate because (1) the Settlement calls only for dismissal, not dismissal with prejudice and the parties did not contemplate executing a future settlement agreement that would include a requirement of dismissal without prejudice; and (2) dismissal without prejudice is the default rule under Federal Rule of Civil Procedure 41, and the circumstances do not support dismissal with prejudice.  Docket Entries [38, 41].  Defendants counter that dismissal with prejudice is appropriate because (1) it was contemplated by the terms of the Settlement, and (2) that dismissal without prejudice is not warranted under Rule 41 considerations.  Docket Entry [39].  Defendants have also moved for Sanctions against Plaintiff for seeking dismissal without prejudice in light of the Release contained in the Settlement.  Docket Entry [42].

## II. LEGAL ANALYSIS

### A. Plaintiff's Motion to Dismiss

After settlement, parties may dismiss a case using Federal Rule of Civil Procedure 41(a), which allows for voluntarily dismissal of actions. A plaintiff may ask the court to dismiss an action at any time. Fed. R. Civ. P. 41(a)(2). However, a plaintiff may only dismiss an action without a court order in two circumstances: by filing a notice of dismissal before the opposing party serves an answer or motion for summary judgment, Fed. R. Civ. P. 41(a)(1)(A)(i), or by filing a stipulation of dismissal signed by all parties who have appeared, Fed. R. Civ. P. 41(a)(1)(A)(ii). See also Anago Franchising, Inc. v. Shaz, LLC, 677 F.3d 1272, 1275-76 (11th Cir. 2012). Here, Defendants have twice moved to dismiss and answered, and no stipulation of dismissal has been executed by all of the parties. Accordingly, the Plaintiff's request for dismissal is governed by Rule 41(a)(2). Under that subsection, a court may dismiss the case through an order and specify the terms of the dismissal at its discretion. See Fed. R. Civ. P. 41(a)(2) ("an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper"); Anago Franchising, Inc., 677 F.3d at 1275-76. Such a dismissal is considered to be without prejudice "[u]nless the order states otherwise." Fed. R. Civ. P. 41(a)(2).

A district court "enjoys broad discretion in determining whether to allow a voluntary dismissal under Rule 41(a)(2)." Pontenberg v. Boston Scientific Corp., 252 F.3d 1253, 1255 (11th Cir. 2001) (citing McCants v. Ford Motor Co., 781 F.2d 855, 857

(11th Cir. 1986)). The court must "weigh the relevant equities and do justice between the parties in each case." Pontenberg, 252 F.3d at 1255-56. The Eleventh Circuit has indicated that while "in most cases a voluntary dismissal should be allowed unless the defendant will suffer some plain prejudice other than the mere prospect of a second lawsuit . . . the court should keep in mind the interests of the defendant, for Rule 41(a)(2) exists chiefly for protection of defendants." Fisher v. P.R. Fla. E. Coast Ry. Co., 940 F.2d 1502, 1503 (11th Cir. 1991) (citing LeCompte v. Mr. Chip, Inc., 528 F.2d 601, 604 (5th Cir. 1976)); see also McCants, 781 F.2d at 856 ("A district court considering a motion for dismissal without prejudice should bear in mind principally the interests of the defendant, for it is the defendant's position that the court should protect."). Among the factors that have been considered in weighing the equities are the length of time and amount of resources spend by a defendant in litigating a case, any dilatory tactics by the plaintiff, and bad faith or sanctionable conduct by the plaintiff. See Carrier Corp. v. G.W. Martin, Inc., No. 108-cv-1003-CC, 2009 WL 1649587 at *3-4, 7 (N.D. Ga. May 27, 2009); Jones v. Smartvideo Techs., Inc., No. 1:06-cv-2760-WSD, 2007 WL 1655855, at *2-3 (N.D. Ga. June 4, 2007) (citing various cases); Brooks v. State Bd. of Elections, 173 F.R.D. 547, 550 (N.D. Ga. 1997).

This litigation has been lengthy and has involved a not-insignificant expenditure of resources by the parties. Ongoing since August 19, 2011, the litigation is approaching its third year. Defendants moved to dismiss in September 2011, and, after Plaintiff filed an amended complaint, again moved for partial dismissal in August 2012.

6

Following the dismissal of several of Plaintiff's claims, the parties mediated their remaining disputes and reached the Settlement in July 2013. Though the parties did not engage in intensive discovery efforts prior to mediation and Settlement, several significant and time-consuming disputes have arisen before and after Settlement was reached, each requiring court-intervention to resolve. Since Settlement, Plaintiff has filed a motion to compel compliance with the Settlement, a motion for attorney fees, a motion for sanctions, and the present Motion to Dismiss. Defendants have been required to respond to all of those motions, and have themselves filed the present Sanctions Motion. Two conferences have been held before this Court. The time and resources committed to the case give ample reason alone to warrant dismissal of Plaintiff's claims with prejudice.[2]

More importantly, however, the terms of the Settlement make clear that a dismissal without prejudice would serve no legitimate function. "[T]he settlement of a dispute generally renders a case moot." U.S. Fire Ins. Co. v. Caulkins Indiantown Citrus Co., 931 F.2d 744, 747-48 (11th Cir. 1991). When parties to a dispute reach settlement that leads to a dismissal under Rule 41, it is the settlement that controls the preclusive effects under res judicata principles. Norfolk S. Corp. v. Chevron, U.S.A., Inc., 371 F.3d 1285, 1288-90 (11th Cir. 2004) (citing Astron Indus. Assoc., Inc. v. Chrysler Motors Corp., 405 F.2d 958, 960 (5th Cir.1968)). Because "'the preclusive

---

[2] Though the Court is not inclined to impose sanctions on the parties, there have also been accusations of sanctionable conduct and bad faith on both sides. See Motions for Sanctions, Docket Entries [33, 42].

effect of the earlier judgment is determined by the intent of the parties,'" the form of an earlier dismissal does not matter. Norfolk S. Corp., 371 F.3d at 1290 (quoting Keith v. Aldridge, 900 F.2d 736, 740-41 (4th Cir. 1990)). Moreover, a full release has the same force and effect as a dismissal with prejudice. Cargill Ferrous Int'l Div. of Cargill, Inc. v. M/V Princess Margherita, No. 98-3825, 2001 WL 1426678, at *1 (E.D. La. Nov. 13, 2001) ("A dismissal with prejudice has the force and effect of a full release. Clearly a dismissal with prejudice is a full release, and the released party would have the identical rights as a party that is released by a formal settlement agreement."). The Release contained in the Settlement here states in no uncertain terms that the "parties hereby completely release and forever discharge each other and their . . . affiliates . . . [and] agents . . . from any all claims . . . of any nature whatsoever . . . relating to [this] Civil Action and claims raised therein . . . ." Settlement at ¶ 10. Indeed, both parties agree that as a result of the Release, all of the claims brought in this action, as well as any related claims, are now barred. Defendants' Response to Motion to Dismiss, Docket Entry [39], p. 4 ("[N]either Party could ever maintain an action against the other per the [Settlement]'s explicit language."); Plaintiff's Reply in Support of Motion to Dismiss ("Reply Brief"), Docket Entry [41], p. 9 ("[Defendants] are not subject to the risk of second suit [sic] on the same claims."). Thus, any dismissal of this action, because of the Release, would result in preclusive effect equivalent to a dismissal with prejudice. This Court sees no reason to confuse the issue by recommending a dismissal without

8

prejudice.[3]

Accordingly, due to the substantial time and resources invested in this case and the comprehensive scope of the Release contained in the parties' Settlement, the undersigned **RECOMMENDS** that Plaintiff's Motion to Dismiss be **GRANTED** but **RECOMMENDS** that the dismissal be **WITH PREJUDICE** as to all of Plaintiff's claims against Defendants.

### B.     Defendants' Sanctions Motion

Under Rule 11, sanctions may be imposed when a party submits a pleading to the

---

[3] Plaintiff appears to make two arguments here to avoid the substantive effect of the Release contained in the Settlement on the dismissal itself. First, Plaintiff argues that other courts have allowed dismissals without prejudice even in the face of settlement agreements. See Plaintiff's Reply Brief at pp. 4-7. However, just because other courts have allowed that in other circumstances, does not mean that it should be done here. Indeed, the cases cited by Plaintiff are distinguishable principally because the parties specifically agreed to a dismissal without prejudice, either in moving the court or in affirmatively agreeing to such in a settlement agreement; Plaintiff does not cite to a case in which a court dismissed claims without prejudice in the face of a settlement agreement containing a full release and requiring dismissal. Second, Plaintiff argues that a dismissal without prejudice avoids confusion because he may bring claims against other entities. Id. at pp. 8-9. However, Plaintiff does not identify any such entities, and the Release – which, as noted above, controls any preclusive effect – makes clear that claims against any affiliated entities are also barred. See Settlement at ¶ 10. Contrary to Plaintiff's suggestion, confusion would be more likely to arise if Plaintiff's claims were dismissed without prejudice.

Additionally, the Settlement terms also makes clear that the parties were to cooperate in drafting a formal settlement agreement, rather than the memorandum now being enforced. See Settlement at ¶¶ 10-11 (agreeing to cooperate in good faith and "embody these terms in a formal settlement agreement . . . in substantive accordance with the foregoing terms") (emphasis added). Plaintiff's argument that any settlement agreement requiring a dismissal with prejudice would violate the Settlement by adding substantive terms is vitiated by the fact that Plaintiff asks the Court to enforce the dismissal without prejudice, even though no such terms are present in the Settlement. See Docket Entry [39], pp. 3-4, 11-12.

court that: (1) has no reasonable factual basis, (2) is not legally tenable, or (3) is submitted in bad faith for an improper purpose. Riccard v. Prudential Ins. Co., 307 F.3d 1277, 1294 (11th Cir. 2002). "The purpose of Rule 11 is to deter baseless filings in district court and thus streamline the administration and procedure of federal courts." Peer v. Lewis, 606 F.3d 1306, 1311 (l1th Cir. 2010) (internal citations and quotations omitted). In assessing the propriety of Rule 11 sanctions, the Court should ask "( 1) whether the party's claims are objectively frivolous, and (2) whether the person who signed the pleadings should have been aware that they were frivolous." Byrne v. Nexhat, 261 F.3d 1075, 1105 (l1th Cir. 2001). Rule 11 sanctions are not appropriate simply because a party's view of the law is incorrect. Rule 11 contemplates "some prefiling inquiry into both the facts and law," but "is not intended to chill an attorney's enthusiasm or creativity in pursuing factual or legal theories." Rule 11, Fed.R. Civ. P., advisory committee note to 1983 Amendment).

In this case, the parties dispute whether a dismissal without prejudice was warranted under Rule 41. While this Court is persuaded that dismissal without prejudice is not appropriate in these circumstances, the Defendants have not directed the Court to authority directly on point in the matter,[4] and the arguments made by Plaintiff were not

---

[4] Indeed, in those cases cited by Defendants, unlike here, substantial discovery had taken place which showed that the defendants in those cases suffered clear prejudice. See, e.g., Stephens v. Ga. Dep't of Tranps., 134 Fed. App'x 320, 323 (11th Cir. 2005) ("extensive discovery had been produced, and motions for summary judgement were pending"); Fisher, 940 F.2d at 1503 ("time and expense already spent on discovery and trial preparation"); McBride v. JLG Indus. Inc., 189 Fed. Appx. 876, 877-78 (11th Cir. 2006) ("the many motions filed, and the discovery produced . . . late

10

objectively frivolous in light of the present facts and applicable law. Likewise, though the parties' contentiousness in finalizing settlement are in certain ways inscrutable to this Court, the Court is not prepared to find Plaintiff's purpose improper, given his avowed motive in avoiding confusion in relation to any future litigation with other parties. Even if the Court were to find Plaintiff's conduct sanctionable, Defendants have not specified what sanctions they seek, and Rule does not contemplate sanctions greater than necessary to deter such conduct; here, dismissal with prejudice will preclude Plaintiff from pursuing his claims further against Defendants. See Rule 11, Fed. R. Civ. P., advisory committee note to 1993 Amendment ("The court has significant discretion in determining what sanctions, if any, should be imposed for a violation, subject to the principle that the sanctions should not be more severe than reasonably necessary to deter repetition of the conduct by the offending person."). For all of these reasons, Defendants Sanctions Motion is **DENIED**.[5]

### III.   CONCLUSION

For the reasons discussed above, the undersigned **RECOMMENDS** that Plaintiff's Motion to Dismiss be **GRANTED IN PART** and **DENIED IN PART**. Docket Entry [38]. Specifically, the undersigned **RECOMMENDS** that Plaintiff's Motion to Dismiss be **GRANTED** but **RECOMMENDS** that the dismissal be **WITH**

---

stage of the litigation").

[5] Of course, as this Court may retain jurisdiction to enforce the Settlement if necessary, so to would it retain power to sanction Plaintiff if it determines future conduct in relation to the Settlement warrants the imposition of sanctions.

11

**PREJUDICE** as to all of Plaintiff's claims against Defendants. The undersigned also **DENIES** Defendants' Motion for Rule 11 Sanctions. Docket Entry [42].

**SO ORDERED AND REPORTED AND RECOMMENDED**, this  7th  day of May, 2014.

s/Linda T. Walker<br>
LINDA T. WALKER<br>
UNITED STATES MAGISTRATE JUDGE

AO 72A (Rev.8/82)